

March 11, 2019

<u>VIA ECF</u>

Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey 07102

**Re:** *Afzal et al. v. BMW of N. Am., LLC, et al.*,
Civil Action No.: 2:15-cv-08009-MCW-LDW

Dear Judge Wettre:

As the Court has been separately advised, Plaintiff Andy Dechartivong ("Andy") died in or about December 11, 2018. Plaintiff David Afzal now requests leave to file a motion under Rule 25 of the Federal Rules of Civil Procedure to substitute Angkhana Dechartivong ("Angkhana"), Andy's widow, in Andy's stead.

Whether a would-be successor may pursue a claim on behalf of a deceased party depends on the underlying substantive law of the state from which the claim arises. *E.g.*, *Giles v. Campbell*, 698 F.3d 153, 156 (3d Cir. 2012). Here, that state law is California law, given that Andy was a California resident pursuing claims under California law. And under California law, Angkhana is the legal owner of the vehicle ("Subject Vehicle") that forms the basis of the claims Andy asserted in this lawsuit, and she thus has standing to pursue claims for damage to that vehicle.

That Angkhana is an owner of the Subject Vehicle under California law derives from the fact that the Subject Vehicle was purchased during the Dechartivong's marriage using assets of the marital community. As a result, the Subject Vehicle was "community property" under California law and was thus owned jointly by both Andy *and* Angkhana. *See, e.g.*, *In re Marriage of Leversee*, 158 Cal. App. 3d 891, 898 (1984) (holding that a "car [that] was acquired during the marriage [] was presumed to be community property"). Indeed, although it was purchased for Andy's benefit and use, Angkhana's name is listed on the purchase documentation for the Subject Vehicle.

Andy's death did not change Angkhana's status as an owner of the Subject Vehicle. To the contrary, it converted Angkhana from a *joint owner* of the Subject Vehicle to the *sole owner* of the Subject Vehicle. Of course, as "the" owner of the Subject Vehicle—which remains inoperable to this day due to the defect Andy alleged in the operative complaint—Angkhana has suffered and/or will suffer the exact same pecuniary injuries that formed the basis of Andy's claims.

In short, rather than extinguish with his death, Andy's claims survive in Angkhana, and she is thus a proper party to serve as his successor in this action. Accordingly, Plaintiff David Afzal requests leave of this Court to file a motion to substitute Angkhana Dechartivong for Andy Dechartivong as a named plaintiff in this lawsuit

Counsel for Plaintiffs requested consent for the substitution and counsel for BMW NA responded that "[o]nce the required statement of notice of death is served per Rule 25, as well as the motion for substitution showing that Ms. Dechartivong is Mr. Dechartivong's legal representative or successor-in-interest and therefore the proper party for substitution ... BMW NA will not oppose the motion."

Respectfully submitted,

Matthew D. Schelkopf

cc: all counsel of record via ECF